UNITED STATES, Appellee,

v.

Rodney M. SAULSBERRY, Jr., Private
First Class, U.S. Army, Appellant.

No. 97–0129.
Crim.App. No. 9301646.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 3, 1997.

Decided March 13, 1998.

For Appellant: *Captain Jodi E. Terwilliger–Stacey* (argued); *Colonel John T. Phelps, II, Lieutenant Colonel Michael L. Walters, Major Michael E. Hatch,* and *Captain Norman R. Zamboni* (on brief).

For Appellee: *Captain Joel A. Novak* (argued); *Colonel John M. Smith, Captain Elizabeth N. Porras,* and *Captain Robert F. Resnick* (on brief).

---

*Opinion of the Court*

EFFRON, Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of unpremeditated murder and violation of a lawful general regulation by possession of an unauthorized knife, in violation of Articles 118 and 92, Uniform Code of Military Justice, 10 USC §§ 918 and 892, respectively. Appellant was sentenced to a dishonorable discharge, confinement for 30 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority disapproved the findings of guilty to violation of a lawful general regulation and dismissed that charge and its specification. The convening authority then reduced the confinement portion of the sentence to 25 years but otherwise approved the sentence.

The Court of Criminal Appeals reduced the murder conviction to voluntary manslaughter, in violation of Article 119, UCMJ, 10 USC § 919. The court also set aside the sentence and authorized a sentence rehearing. 43 MJ 649 (1995). At the rehearing, appellant was sentenced to a dishonorable

discharge, confinement for 78 months, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the adjudged sentence, and the Court of Criminal Appeals affirmed its prior decision and the sentence.

We specified the following issue for review:

WHETHER, GIVEN THE FACTS AND CIRCUMSTANCES OF THIS CASE, THE ARMY COURT OF CRIMINAL APPEALS' FINDING THAT APPELLANT REACTED AS A REASONABLE PERSON WOULD, *I.E.*, WITH UNCONTROLLABLE RAGE AND FEAR IN RESPONSE TO THE PROVOCATIVE ACTIONS AND STATEMENTS OF A HOSTILE AGGRESSOR, WAS TANTAMOUNT TO A FINDING THAT APPELLANT ACTED IN SELF–DEFENSE AS A MATTER OF LAW.

We find that the lower court's analysis describes the legal basis for reducing murder to voluntary manslaughter, but does not constitute a basis for establishing self-defense under the proper legal standard. Therefore, we affirm appellant's conviction and sentence.

## I. FACTS

Appellant was charged with unpremeditated murder after he stabbed and killed Specialist (SPC) Speed following a series of verbal and physical altercations between the two. The evidence at trial showed that appellant did not "fit in" with the other soldiers in his unit, who constantly teased and criticized him. On the day of the incident, appellant was watching television in his barracks room with his roommates when SPC Speed entered the room, helped himself to a drink in the refrigerator, and began changing the television channels using the remote control. A verbal altercation erupted between appellant and SPC Speed and escalated into pushing and shoving. When appellant turned to retreat, SPC Speed attacked him from behind, threw him on the bed, and put his hands around his throat. The other soldiers eventually pulled SPC Speed off of appellant.

While SPC Speed began to talk to one of the other soldiers, appellant retreated to the corner of the room and sat on his bed, muttering and playing with a boot knife. After several minutes, SPC Speed walked over to appellant and renewed the taunting and cursing. Appellant stood up and jabbed the knife at SPC Speed. SPC Speed placed his hands over his chest, took several steps backwards, and fell to the floor. He died as a result of a single stab wound that penetrated between two ribs and pierced his heart.

Appellant admitted that he had killed SPC Speed and defended at trial on the grounds of provocation and self-defense. Although the military judge instructed on both of these issues, the members convicted appellant of unpremeditated murder.

On appeal, the Court of Criminal Appeals set aside the murder conviction and affirmed a conviction for the lesser included offense of voluntary manslaughter. The granted issue concerns the following language used by the court below to explain its decision:

[The victim's] course of conduct toward the appellant was adequate provocation to preclude a conviction for murder.

\* \* \*

... We find that the appellant reacted and lashed out with his knife in the heat of sudden passion resulting from rage and fear when confronted with all of these provocative actions and statements. We further find that these provocations were adequate to provoke uncontrollable rage, fear, and passion in a reasonable person. Thus, the conviction for unpremeditated murder cannot stand.

43 MJ at 651–52.

Appellant argues that the court's statement that the "provocations were adequate to provoke uncontrollable rage, fear, and passion in a reasonable person" was "tantamount to a finding that [he] acted in self-defense." Final Brief at 9. The Government responds that "[t]he Army Court did not find that appellant had a reasonable fear of imminent death or grievous bodily injury, thus rejecting appellant's unsupported claim of self-defense." Answer to Final Brief at 15.

## II. ANALYSIS

At the outset, we note that the Court of Criminal Appeals discussed the issue of provocation in the context of reducing murder to voluntary manslaughter, not in terms of appellant's claim of self-defense. We also note that the court, in reducing the conviction from murder to voluntary manslaughter, did not rely on its Article 66[1] factfinding powers. Instead, the court modified the findings of guilty after it concluded as a matter of law that appellant acted in the heat of passion. We also note that there was sufficient evidence to find appellant guilty of voluntary manslaughter. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

RCM 916(e)(1), Manual for Courts–Martial, United States (1995 ed.), sets forth the elements of self-defense in homicide cases involving deadly force. Under RCM 916(e)(1), a homicide may be justified on grounds of self-defense if the accused:

(A) Apprehended, on reasonable grounds, that death or grievous bodily harm was about to be inflicted wrongfully on the accused; and

(B) Believed that the force the accused used was necessary for protection against death or grievous bodily harm.

The decision of the court below did not expressly or implicitly find that appellant met the standard of RCM 916(e)(1). The Court of Criminal Appeals concluded that appellant acted out of "rage and fear," which it determined to be reasonable as an objective matter given the provocation. Self-defense, however, requires more than provocation and fear. Self-defense applies only if it

was reasonable for appellant to have feared "that death or grievous bodily harm was about to be inflicted wrongfully on [him]," and if he believed that the force used was necessary to protect against that death or grievous bodily harm. RCM 916(e)(1). The court below did not find that it would have been objectively reasonable for appellant to have feared "death or grievous bodily harm," and the evidence of record does not demonstrate that such a conclusion was necessarily implied in the reasoning of the lower court.

Given the self-defense standard of RCM 916(e)(1), neither the evidence of record nor the description of the evidence by the court below establishes the defense as a matter of law. In the absence of factual findings, accepting appellant's reading of the lower court's opinion would require that we draw extended inferences from its language.[2] Instead, we conclude that the Court of Criminal Appeals used the language "uncontrollable rage, fear, and passion" to explain its reduction of the findings and that its decision is not "tantamount to a finding that appellant acted in self-defense as a matter of law." We do not read the decision of the court below as explicitly or implicitly finding that appellant's "fear" extended to fear of death or grievous bodily harm.

## III. CONCLUSION

The decision of the United States Army Court of Criminal Appeals on further review is affirmed.

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and GIERKE concur.

---

1. UCMJ, 10 USC § 866 (1994).

2. As appellant admits in his final brief, to find self-defense, we would have to infer both (1) that he subjectively feared death or grievous bodily harm and (2) that he subjectively believed that deadly force was necessary to thwart the attack.